UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SHARON D. JAMES, ET AL. | * | CIVIL ACTION NO. 07-1570 |
| VERSUS | * | JUDGE JAMES |
| SHERRY CLAIBORNE, ET AL. | * | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

On November 12, 2008, the undersigned magistrate judge ordered defendant, Sherry Claiborne to show cause on or before December 1, 2008, why a default judgment should not be entered against her in accordance with Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for her failure to comply with the court's instructions to enroll counsel on her behalf or to notify the court of her intent to proceed pro se, despite repeated extensions of time to do so. (November 11, 2008, Show Cause Order). The delays have since lapsed, and defendant has not filed a response. The issue is now before the court.[1]

**Procedural History**

On September 20, 2007, Sharon D. James, Cassandra A. Davis, and Tynika Ward filed the instant complaint against Sherry Claiborne d/b/a Beautiful Beginnings Child Care and

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Development Center and Claiborne's fictitiously named insurer, XYZ Insurance Company.[2] Plaintiffs seek to bring a collective action on their own behalf and on behalf of similarly situated employees of Claiborne to recover sums due them as a result of Claiborne's alleged failure to comply with the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

On May 27, 2008, Claiborne, acting in proper person, appeared and filed an answer to the suit. [doc. # 11]. The next day, the court issued its Civil Case Management Order which required the parties to confer, prepare, and join in a Rule 26(f) Case Management Report. [doc. # 12]. On August 4, 2008, counsel for plaintiffs filed the Rule 26(f) Report, but represented that defendant had not responded to his entreaties to contact him for purposes of preparing the report. [doc. # 14]. Accordingly, on August 21, 2008, the undersigned magistrate judge held a scheduling conference with counsel for plaintiffs and Ms. Claiborne. (August 21, 2008, Electronic Minutes [doc. # 16]). During the conference, defendant requested and received a 30 day extension of time to obtain counsel or to notify the court in writing whether she would continue to represent herself. *Id*. The court also extended the deadline for the parties to meet and to file their joint Rule 26 report until October 3 and 10, 2008, respectively. *Id*. Thereafter, Ms. Claiborne successfully petitioned the court for two extensions of time to comply with the court's directives; the court extended her compliance deadline until November 7, 2008.[3] Nonetheless, the deadline came and passed, unheeded. Thus, on November 12, 2008, the court

---

[2] Michelle McCall subsequently joined the action as a plaintiff on October 3, 2008. [doc. # 17].

[3] *See*, October 23, 2008, Electronic Order [doc. # 20]; October 29, 2008, Electronic Minute Entry [doc. # 21].

ordered defendant, Sherry Claiborne, to show cause on or before December 1, 2008, why a default judgment should not be entered against her in accordance with Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for her failure to comply with the court's instructions to enroll counsel on her behalf or to notify the court of her intent to proceed pro se, despite repeated extensions of time to do so. (November 11, 2008, Show Cause Order). To date, no response has been filed.

## Law and Analysis

Despite multiple extensions of time, Claiborne has not fulfilled her Rule 26 obligations as set forth in the court's Civil Case Management Order. She has also failed to comply with court orders to enroll counsel or to otherwise state in writing that she intends to proceed pro se. The Federal Rules of Civil Procedure contemplate specific remedies for these omissions:

> **(f) Sanctions.**
>
> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> **(A)** fails to appear at a scheduling or other pretrial conference;
>
> **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> **(C)** fails to obey a scheduling or other pretrial order.

Fed.R.Civ.P. 16(f)(1).

For violation of discovery orders, Rule 37(b)(2) permits the court to *inter alia*, strike pleadings and/or enter a default judgment against a disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(iii, vi); *see also, U.S. For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987) (Rule 37 authorizes district courts to strike pleadings and enter default judgment for failure to comply with discovery order). Moreover, the court may enter a

default judgment when the disobedient party has failed to comply with a court order due to willfulness, bad faith, or other fault on her part. *Technical Chemical Co. v. IG-LO Products Corp.*, 812 F.2d 222, 224 (5th Cir. 1987) (citations omitted). Before granting a default judgment for failure to comply, however, the district court must consider four factors:

> (1) whether the violation was willful or in bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*Shipco, supra* (citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985)).[4]

A default judgment is a "draconian" sanction that should be imposed only as a last resort. *Id.* (citation omitted).

In the case *sub judice*, Claiborne has failed to heed the court's scheduling order that required her participation in the preparation of the discovery plan. Claiborne has also ignored the court's directive that she enroll counsel or file written notice of her intent to proceed pro se. Although it is clear that Ms. Claiborne has not complied with court orders, she has made some effort to secure extensions of time to comply therewith, and has endeavored to retain counsel. Under the circumstances, the undersigned finds that the extreme sanction of default judgment is not warranted at this time. Rather, the intermediate step of striking her answer will afford her one more opportunity to demonstrate her willingness and ability to comply with court orders while leaving her vulnerable to plaintiff-initiated default proceedings if she otherwise does nothing. *See*, Fed.R.Civ.P. 55.

Accordingly, the answer [doc. # 11] filed by defendant, Sherry Claiborne, is hereby

---

[4] The district court must expressly consider the effectiveness of less severe sanctions. *Id.*

STRICKEN. Fed.R.Civ.P. 37(b)(2)(iii). Barring any effort by Ms. Claiborne within the next 14 days to appeal this order or to seek reconsideration by demonstrating her present ability and willingness to comply with previously issued court orders, plaintiffs shall be at liberty to commence default proceedings against said defendant which shall be initiated no later than 30 days from today.[5] Plaintiffs' failure to timely initiate default proceedings may result in dismissal of their claims against defendant, Claiborne, for failure to prosecute. LR 41.3W.

The court further observes that despite the pendency of this matter for over one year, there is no indication that plaintiffs have sought to amend their complaint to substitute a properly named defendant for the fictitiously named XYZ Insurance Co. Accordingly, plaintiffs are notified that the court is considering dismissal of XYZ Insurance Co. because no proceedings have been taken against said defendant within the last six months. LR 41.3W.

Plaintiffs shall have 15 calendar days from today to amend their complaint to substitute a properly named defendant for XYZ Insurance Co. or to file evidence of good cause for their failure to timely proceed against said defendant.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 5th day of December, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] *See e.g., Kravits v. Carpet-Mills of America-Florida, Inc.*, 2007 WL 1521622 (M.D. Fla. May 23, 2007) (addressing procedures and evidence required to confirm default judgment on FLSA claim).