U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

APR 1 3 2009

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SHARON D. JAMES, ET AL. | CIVIL ACTION NO. 07-1570 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SHERRY CLAIBORNE D/B/A/ BEAUTIFUL BEGINNINGS CHILD CARE AND DEVELOPMENT CENTER | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Default Judgment [Doc. No. 27] filed by Sharon James ("James"), Cassandra Davis ("Davis"), Tynika Ward ("Ward"), Michelle McCall ("McCall"), and Debra D. Abraham ("Abraham") against their former employer, Sherry Claiborne ("Claiborne"). The Motion is unopposed.

For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART. A default judgment is entered against Claiborne and in favor of Plaintiffs James, Davis, and Ward. These Plaintiffs are awarded unpaid wages and liquidated damages in the individual amounts set forth below and are also awarded costs and attorney's fees. The Court will defer a determination of the amount of attorney's fees and costs at this time. A default judgment is DENIED as to McCall and Abraham.

I.  FACTUAL AND PROCEDURAL HISTORY

James, Davis, Ward, McCall, and Abraham were all employees of Beautiful Beginnings Child Care and Development Center ("Beautiful Beginnings"), a day care center operated by Claiborne. Beautiful Beginnings began operation on October 10, 2005, and ceased operation on March 17, 2006. [Doc. No. 1, ¶¶ 18, 22]. James, Davis, and Ward were employed on October 10,

2005, or shortly thereafter, and were employed during the entire period of operation. [Doc. No. 1, ¶ 19].

On September 20, 2007, Plaintiffs James, Davis, and Ward brought this action against Claiborne and her fictitiously named insurance company, XYZ Insurance Company, for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* They contend that Claiborne failed to pay minimum wages and overtime compensation for the work they performed. Plaintiffs styled their case as an opt-in collective action under § 216(b) of the FLSA, indicating that it was brought "on their own behalf and on behalf of all other similarly situated employees" of Claiborne. [Doc. No. 1, ¶ 6]. Plaintiffs further indicated that opt-in plaintiffs were to include "all persons performing jobs similar to the jobs that named plaintiffs herein performed. . . from the date this suit is filed through the date that this Honorable Court certifies a collective action and/or orders notice to be sent to collective action members." [Doc. No. 1, ¶ 6].

A summons was issued for Claiborne on December 14, 2007, but Plaintiffs did not file proof of service within 120 days. Accordingly, on April 16, 2008, the Clerk of Court issued a Notice of Intent to Dismiss for failure to effect service. [Doc. No. 9].

On the same day, April 16, 2008, Plaintiffs filed an executed return of service on Claiborne, showing that she was served on April 15, 2008. [Doc. No. 10]. Her answer was due on May 5, 2008.

On May 27, 2008, Claiborne, acting *pro se*, filed an untimely Answer denying liability and asserting that Plaintiffs had stolen a check issued by the federal government to Claiborne.

On June 23, 2008, Plaintiffs James, Davis, and Ward filed their notices styled, "Consent of

Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)."[1] [Doc. No. 13].

On August 4, 2008, Plaintiffs' counsel filed the Rule 26(f) Report, stating that he had written to Claiborne, but that she had not responded and had not contacted him. He also stated that Plaintiffs did not anticipate adding a party. [Doc. No. 14].

On August 21, 2008, Magistrate Judge Karen L. Hayes held a telephone scheduling conference with the parties. Plaintiffs' counsel, Dennis Hallack ("Hallack"), and Claiborne attended. According to her minutes, Magistrate Judge Hayes explained the requirements of Rule 26 and granted Claiborne a thirty-day extension of time to obtain counsel or to notify the Court of her intent to represent herself. [Doc. No. 16].

On October 3, 2008, Plaintiff McCall filed a notice styled, "Consent of Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)." [Doc. No. 17].

On October 29, 2008, pursuant to an oral request, Magistrate Judge Hayes granted Claiborne an extension until November 7, 2008 to obtain counsel or to notify the Court of her intent to represent herself. [Doc. No. 21]. Claiborne did not neither.

On November 12, 2008, Magistrate Judge Hayes issued a Show Cause Order [Doc. No. 22] ordering Claiborne to show cause in writing by December 1, 2008, why a default judgment should not be entered against her in light of her repeated failure to comply with the orders of the Court. Claiborne did not respond to the Show Cause Order.

On December 5, 2008, Magistrate Judge Hayes issued an Order [Doc. No. 23] addressing

---

[1] Since James, Ward, and Davis were all named plaintiffs in the original Complaint, it was unnecessary for them to file written consents. *See Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984).

3

Claiborne's failure to comply with the Court's orders in this matter. Although Magistrate Judge Hayes found that "Claiborne has not fulfilled her Rule 26 obligations as set forth in the court's Civil Case Management Order" and "has also failed to comply with court orders to enroll counsel or to otherwise state in writing that she intends to proceed pro se," she also noted that Claiborne had made "some efforts to secure extensions of time" and "endeavored to retain counsel." [Doc. No. 23, pp. 3-4]. Relying on Federal Rules of Civil Procedure 16(f)[2], 37(b)(2)[3], and *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987), Magistrate Judge Hayes concluded that the extreme sanction of default judgment was not appropriate. Rather, Magistrate Judge Hayes took the intermediate step of striking Claiborne's Answer to "afford her one more opportunity to demonstrate her willingness and ability to comply with court orders while leaving her vulnerable to plaintiff-initiated default proceedings if she otherwise does nothing." [Doc. No.23, p.

---

[2] Federal Rule of Civil Procedure 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f).

[3] Federal Rule of Civil Procedure 37(b)(2)(A)(iii) & (vi) provides:

If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

(iii) striking pleadings in whole or in part;

. . .

(vi) rendering a default judgment against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi).

4]. Claiborne did not appeal this Order and took no other action.

Magistrate Judge Hayes also ordered Plaintiffs to amend their Complaint within fifteen (15) days to substitute a properly named insurance company for Defendant XYZ Insurance Company or to show good cause to failure to proceed timely against this Defendant. Plaintiffs did not amend their Complaint or file a written response to Magistrate Judge Hayes's order.

On December 23, 2008, Plaintiffs James, McCall, Davis, and Ward requested entry of default against Claiborne. [Doc. No. 24]. On the same day, the Clerk of Court entered a default [Doc. No. 25].

On January 5, 2009, Plaintiff Abraham filed a notice styled, "Consent of Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)." [Doc. No. 26].

On the same date, January 5, 2009, all Plaintiffs filed the pending Motion for Default Judgment. [Doc. No. 27].

## II. LAW AND ANALYSIS

### A. Default Judgment

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

After 10 days have elapsed since the Clerk's entry of default, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of a default judgment by the Court when the plaintiff's claim does not involve "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1), (2). The Court may conduct a hearing to determine the amount of damages, but Rule 55(b)(2) "gives the judge wide latitude in determining whether such a hearing will be

beneficial." *James v. Frame (In re frame)*, 6 F.3d 307, 311 (5th Cir. 1993).

### 1. Claims of James, Davis, and Ward

The Court finds that default was properly entered in this case as to Plaintiffs James, Davis, Ward. They were named Plaintiffs in the original Complaint, the Complaint was served on Claiborne, and, though she filed an Answer, that Answer was properly stricken as a result of inaction and failure to comply with the Court's Orders. *See* FED. R. CIV. P. 55(a); *Shipco*, 814 F.2d at 1013; *Tech. Chem. Co. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987). James, Davis, and Ward now properly seek a default judgment, and the time period for filing an opposition has passed.

### 2. Claims of McCall and Abraham

The Court finds that a default was not properly entered as to the claims of McCall, and no default has been entered as to the claims of Abraham. Neither McCall nor Abraham are entitled to seek a default judgment at this time.

Section 216(b) of the FLSA provides:

> Any employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages ... An action to recover the liability prescribed in [this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, under § 216(b), the FLSA authorizes collective actions against employers accused of violating the statute, but "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan v. Family Dollar Stores. Inc.*, 551 F.3d 1233, 1258-59 (11th Cir. 2008).

6

"That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court." *Id.* at 1259.

The Fifth Circuit Court of Appeals has explained the typical procedures employed in a FLSA collective action:

> First, the plaintiff moves for conditional certification of his or her collective action. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). The district court then decides, usually based on the pleadings and affidavits of the parties, whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action. *See id.* Second, once discovery is complete and the employer moves to decertify the collective action, the court must make a factual determination as to whether there are similarly-situated employees who have opted in. *See id.* at 1214. If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims. *See id.; see also Detho v. Bilal*, No. H-07-2160, 2008 WL 1730542, at *2-3 (S.D. Tex. Apr. 10, 2008).

*Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008).

While Plaintiffs James, Davis, and Ward did not file a separate motion asking the Court to conditionally certify this lawsuit as a collective action, it is clear from their Complaint that they intended the Court to take that action. Further, the allegations in the verified Complaint are sufficient for the Court to conclude that a conditional certification is proper. The Court finds that Plaintiffs' Complaint sufficiently states a claim against Claiborne as to all nonexempt, hourly paid employees performing work to provide childcare and development services for children, but who were not paid minimum wage and/or overtime compensation. Accordingly, the Court, *sua sponte*, conditionally certifies this lawsuit as a collective action.[4] *See id.* at 918 n.4 (citing *Neagley v.*

---

[4]The Court recognizes that its conditional certification of the collective action comes eighteen (18) months after the lawsuit was initiated. Although a plaintiff should seek certification "without undue delay," the Court finds that the unique circumstances of this case permit it to proceed with

7

*Atascosa Cty. EMS*, No. Civ. A. SA04CA0893XR, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7, 2005)).

However, the Court's conditional certification of this matter as a FLSA collective action does not resolve the issue of whether McCall and Abraham are entitled to obtain a default judgment against Claiborne. Only James, Davis, and Ward filed the original Complaint. McCall later consented to join the lawsuit prior to Magistrate Judge Hayes's order striking Claiborne's Answer and prior to the Clerk of Court's entry of default. Abraham consented to join the lawsuit on the same day that Plaintiffs sought a default judgment. Thus, both McCall and Abraham have consented to opt-in and joint the collective action, but Plaintiffs did not amend the original Complaint to add McCall's and Abraham's claims.

In *Lopez v. NTI, LLC*, Civil Action No. DKC 2008-1579, 2008 WL 5120542 (D. Md. Dec. 4, 2008), the United States District Court for the District of Maryland was faced with the same issue. The Court finds the *Lopez* decision instructive. As that court pointed out, "[Rule] 54(c) limits the type of judgment that may be entered based on a party's default: 'A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *Id.* at *2. The *Lopez* Court had concerns whether opt-in plaintiffs could recover damages, attorneys' fees, and costs on the basis of a complaint, or amended complaint, in which they were not named. *Id.* Further, Rule 5(a)(2) requires that a pleading adding a new claim be served on a party in default. *Id.* at *3 (citing FED. R. CIV. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under

---

certification at this time. *See Sandoz*, 553 F.3d at 921 (citation and internal quotation marks omitted).

Rule 4.")). Additionally, the *Lopez* court, relying on another district court decision, found that Section 216(b) of the FLSA operates in conjunction with Federal Rule of Civil Procedure 8, so that an individual does not become a party plaintiff in a lawsuit merely by filing a written consent to opt in. *Id.* at *4 (citing *Harkins v. Riverboat Servs., Inc.*, No. 99 C 123, 2002 WL 32406581, at *5 (N.D. Ill. May 17, 2002)).

This Court agrees with the analysis of the *Lopez* court. If McCall and Abraham were to be added as party plaintiffs in this matter, Plaintiffs should have moved to amend their Complaint to add the claims of these individuals. The amended complaint should have been served on Claiborne, so that she had an opportunity to respond.[5] Because these actions were not taken, default was improperly entered on behalf of McCall; no default was ever entered as to Abraham; and neither McCall nor Abraham can seek a default judgment at this time. The entry of default in favor of McCall and against Claiborne is SET ASIDE.

However, Rule 15 of the Federal Rules of Civil Procedure states that a court "should freely give [leave to amend] when justice so requires." In determining whether leave should be granted, the Court must consider such equitable factors as "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 268 (5th Cir. 2004). In this instance, it is clear that Claiborne had notice of the allegations against her, and that McCall and Abraham thought they had

---

[5]The Court notes that Plaintiffs' counsel did not even attach a certificate of service to the Consents. However, the Clerk of Court provided notice and a copy of this filing to Claiborne through the U.S. Mail.

9

joined the lawsuit by filing their consents. By allowing Plaintiffs leave to amend, the Court will permit McCall and Abraham to cure the deficiencies of their filings and also give proper notice to Claiborne of their individual claims. Accordingly, Plaintiffs are GRANTED leave to amend their Complaint to add the individual claims of McCall and Abraham. Plaintiffs must serve the Complaint on Claiborne in accordance with the requirements of Federal Rule of Civil Procedure 4. Once the delays for Claiborne's answer has passed, if she fails to answer, McCall and Abraham can seek entry of default and default judgment. Their Motion for Default Judgment at this time is DENIED.

## C. Named Plaintiffs' Compensatory Damages and Fees and Costs

The Court has determined that three Plaintiffs--James, Davis, and Ward--are entitled to a default judgment. The Court has reviewed their supporting documentation for unpaid wages, liquidated damages, attorneys' fees, and costs.

### 1. Unpaid Wages

The named Plaintiffs seek damages for unpaid overtime compensation for the entire period of their employment, October 10, 2005, through March 17, 2006. [Doc. No. 41]. Plaintiffs brought suit on September 17, 2007. Therefore, the entire period of their claims is within the FLSA's two-year statute of limitations.[6] *See* 29 U.S.C. § 255(a).

Where an employer has kept incomplete or inaccurate records of the hours worked by her employees[7], the applicable standard of proof was enunciated by the Supreme Court in *Anderson v.*

---

[6]If an employer's violation of the FLSA is determined to be willful, a three-year statute of limitations applies. 29 U.S.C. § 255(a). However, the Court need not reach that determination because Plaintiffs' claims are within the two-year period.

[7]Employers subject to the FLSA are required to make and keep records of their employees' wages and hours. 29 U.S.C. § 211(c).

*Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946):

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687-88; *see also Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980) (quoting same).

The named Plaintiffs rely on their verified Complaint[8] and the affidavit of James in support of their claims. The named Plaintiffs accurately recorded their hours worked on a form called "Staff Monthly Attendance." [Doc. No. 1, ¶ 20]. They attest that they were not timely and fully paid for their hours worked at minimum wage. [Doc. No. 1, ¶ 21]. Although Beautiful Beginnings closed, and the named Plaintiffs do not have access to its records, they have quantified their hours worked under their "best efforts." [Doc. No. 1, ¶ 23].

Further, James served as the "Manager" of the now-defunct Beautiful Beginnings. [Doc. No 27, Exh. A]. She attests that it was her job "to collect and verify work hours for each employee and submit those hours to defendant's CPA for issuance of paychecks." [Doc. No. 27, Exh. A]. She further attests that, based upon her personal knowledge, that she, Davis, and Ward have not been paid for the following hours:

---

[8]James, Davis, and Ward each signed an affidavit verifying the accuracy of the facts contained in their Complaint. [Doc. No. 1].

11

| Named Plaintiff | Unpaid Hours Worked |
|---|---|
| James | 443 |
| Davis | 335 |
| Ward | 359 |

[Doc. No. 27, Exh. A]. The named Plaintiffs seek payment of those hours worked at minimum wage. [Doc. No. 1, ¶¶ 9-13, 15]. The minimum wage for the covered period was $5.15 per hour. *See* 29 U.S.C. § 206 ("2007 Amendments. Subsec. (a)(1). Pub.L. 110-28, § 8102(a), rewrote par. (1), which formerly read: 'except as otherwise provided in this section, not less than $4.25 an hour during the period ending on September 30, 1996, not less than $4.75 an hour during the year beginning on October 1, 1996, and not less than $5.15 an hour beginning September 1, 1997[.]'").

The Motion for Default Judgment is GRANTED as to the named Plaintiffs, and they are awarded unpaid wages in the following amounts: (1) James is awarded $2,281.45; (2) Davis is awarded $1,725.25; and (3) Ward is awarded $1,848.85.

### 2. Liquidated Damages

The named Plaintiffs also seek liquidated damages under the FLSA.

An employer who violates the overtime provisions of the FLSA is liable for any "unpaid overtime compensation" and for "an additional equal amount" as liquidated damages. 29 U.S.C. § 216(b). In other words, if an employee proves that his employer violated the FLSA, the liquidated damages award is "automatic." *Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998). Although there is a good faith defense available to imposition of liquidated damages, the burden is on the employer to establish that she acted in good faith and on a reasonable basis. *See* 29 U.S.C. § 260. Even then, the trial court may, in its discretion, award liquidated damages. *See id.*

In this case, Plaintiffs have demonstrated that they are entitled to recover unpaid wages, and Claiborne has failed to present any evidence on her good faith defense. Accordingly, the named Plaintiffs are awarded liquidated damages in an amount equal to their respective unpaid wages.

### 3. Attorney's Fees and Costs

The named Plaintiffs are also entitled to recover attorney's fees and costs under the FLSA. 29 U.S.C. § 216(b). Section 216(b) provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* Thus, the named Plaintiffs' request for attorneys' fees and costs is GRANTED.

However, in light of the Court's actions as to the remaining collective action members, McCall and Abraham, the Court will DEFER a determination on the amount of attorney's fees and costs until all claims are resolved.

### D. XYZ Insurance Company

In light of Plaintiffs' failure to amend their Complaint to name a proper Defendant, as ordered by Magistrate Judge Hayes on November 12, 2008, their claims against XYZ Insurance Company are DISMISSED WITHOUT PREJUDICE.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' lawsuit is GRANTED conditional certification as a collective action.

Plaintiffs' Motion for Default Judgment [Doc. No. 27] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED, and a default judgment is entered against Claiborne on the claims of Plaintiffs James, Davis, and Ward. James is awarded $4,562.90 in lost wages and

liquidated damages; Davis is awarded $3,450.50 in lost wages and liquidated damages; and Ward is awarded $3,697.70 in lost wages and liquidated damages. Plaintiffs James, Davis, and Ward are also awarded attorney's fees and costs. A determination on the amount of attorney's fees and costs is DEFERRED pending the resolution of the claims of McCall and Abraham.

The motion is DENIED as to the claims of McCall and Abraham. The entry of default against Claiborne, as it pertains to McCall only, is STRICKEN. Plaintiffs must file an Amended Complaint, adding the claims of McCall and Abraham; serve the Amended Complaint on Claiborne; and then, if Claiborne fails to answer, after appropriate delays, McCall and Abraham may seek entry of default and default judgment, pursuant to the requirements of Federal Rule of Civil Procedure 55.

In light of Plaintiffs' failure to amend their Complaint to name a proper Defendant, their claims against XYZ Insurance Company are DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 13 day of April, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE