RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE  11/17/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SHARON D. JAMES, ET AL. | CIVIL ACTION NO. 07-1570 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SHERRY CLAIBORNE D/B/A/ BEAUTIFUL BEGINNINGS CHILD CARE AND DEVELOPMENT CENTER | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Second Motion for Default Judgment [Doc. No. 35] filed by Plaintiffs Michelle McCall ("McCall") and Debra D. Abraham ("Abraham") against their former employer, Sherry Claiborne ("Claiborne"). The Motion is unopposed.

For the following reasons, the Motion is GRANTED. A default judgment is entered against Claiborne and in favor of McCall and Abraham. McCall and Abraham are awarded unpaid wages and liquidated damages in the individual amounts set forth below and are also awarded costs and attorney's fees. The Court will defer a determination of the amount of attorney's fees and costs at this time.

I.  FACTUAL AND PROCEDURAL HISTORY

McCall and Abraham were employees of Beautiful Beginnings Child Care and Development Center ("Beautiful Beginnings"), a day care center operated by Claiborne. Beautiful Beginnings began operation on October 10, 2005, and ceased operation on March 17, 2006. [Doc. No. 1, ¶¶ 18, 22].

On September 20, 2007, Co-Plaintiffs Sharon James ("James"), Cassandra Davis ("Davis"), and Tynika Ward ("Ward") brought this action against Claiborne and her fictitiously named

insurance company, XYZ Insurance Company, for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* They contend that Claiborne failed to pay minimum wages and overtime compensation for the work they performed. Plaintiffs styled their case as an opt-in collective action under § 216(b) of the FLSA, indicating that it was brought "on their own behalf and on behalf of all other similarly situated employees" of Claiborne. [Doc. No. 1, ¶ 6]. Plaintiffs further indicated that opt-in plaintiffs were to include "all persons performing jobs similar to the jobs that named plaintiffs herein performed. . . from the date this suit is filed through the date that this Honorable Court certifies a collective action and/or orders notice to be sent to collective action members." [Doc. No. 1, ¶ 6].

A summons was issued for Claiborne on December 14, 2007, but Plaintiffs did not file proof of service within 120 days. Accordingly, on April 16, 2008, the Clerk of Court issued a Notice of Intent to Dismiss for failure to effect service. [Doc. No. 9].

On the same day, April 16, 2008, Plaintiffs filed an executed return of service on Claiborne, showing that she was served on April 15, 2008. [Doc. No. 10]. Her answer was due on May 5, 2008.

On May 27, 2008, Claiborne, acting *pro se*, filed an untimely Answer denying liability and asserting that Plaintiffs had stolen a check issued by the federal government to Claiborne.

On June 23, 2008, Plaintiffs James, Davis, and Ward filed their notices styled, "Consent of Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)."[1] [Doc. No. 13].

On August 4, 2008, Plaintiffs' counsel filed the Rule 26(f) Report, stating that he had written

---

[1]Since James, Ward, and Davis were all named plaintiffs in the original Complaint, it was unnecessary for them to file written consents. *See Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984).

2

to Claiborne, but that she had not responded and had not contacted him. He also stated that Plaintiffs did not anticipate adding a party. [Doc. No. 14].

On August 21, 2008, Magistrate Judge Karen L. Hayes held a telephone scheduling conference with the parties. Plaintiffs' counsel, Dennis Hallack ("Hallack"), and Claiborne attended. According to her minutes, Magistrate Judge Hayes explained the requirements of Rule 26 and granted Claiborne a thirty-day extension of time to obtain counsel or to notify the Court of her intent to represent herself. [Doc. No. 16].

On October 3, 2008, Plaintiff McCall filed a notice styled, "Consent of Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)." [Doc. No. 17].

On October 29, 2008, pursuant to an oral request, Magistrate Judge Hayes granted Claiborne an extension until November 7, 2008, to obtain counsel or to notify the Court of her intent to represent herself. [Doc. No. 21]. Claiborne did neither.

On November 12, 2008, Magistrate Judge Hayes issued a Show Cause Order [Doc. No. 22] ordering Claiborne to show cause in writing by December 1, 2008, why a default judgment should not be entered against her in light of her repeated failure to comply with the orders of the Court. Claiborne did not respond to the Show Cause Order.

On December 5, 2008, Magistrate Judge Hayes issued an Order [Doc. No. 23] addressing Claiborne's failure to comply with the Court's orders in this matter. Although Magistrate Judge Hayes found that "Claiborne has not fulfilled her Rule 26 obligations as set forth in the court's Civil Case Management Order" and "has also failed to comply with court orders to enroll counsel or to otherwise state in writing that she intends to proceed pro se," she also noted that Claiborne had made "some efforts to secure extensions of time" and "endeavored to retain counsel." [Doc. No. 23, pp.

3-4]. Relying on Federal Rules of Civil Procedure 16(f)[2], 37(b)(2)[3], and *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987), Magistrate Judge Hayes concluded that the extreme sanction of default judgment was not appropriate. Rather, Magistrate Judge Hayes took the intermediate step of striking Claiborne's Answer to "afford her one more opportunity to demonstrate her willingness and ability to comply with court orders while leaving her vulnerable to plaintiff-initiated default proceedings if she otherwise does nothing." [Doc. No. 23, p. 4]. Claiborne did not appeal this Order and took no other action.

Magistrate Judge Hayes also ordered Plaintiffs to amend their Complaint within fifteen (15) days to substitute a properly named insurance company for Defendant XYZ Insurance Company or to show good cause for failure to proceed timely against this Defendant. Plaintiffs did not amend their Complaint or file a written response to Magistrate Judge Hayes's order.

---

[2]Federal Rule of Civil Procedure 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f).

[3]Federal Rule of Civil Procedure 37(b)(2)(A)(iii) & (vi) provides:

If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

(iii)   striking pleadings in whole or in part;

. . .

(vi)   rendering a default judgment against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi).

4

On December 23, 2008, Plaintiffs James, McCall, Davis, and Ward requested entry of default against Claiborne. [Doc. No. 24]. On the same day, the Clerk of Court entered a default [Doc. No. 25].

On January 5, 2009, Plaintiff Abraham filed a notice styled, "Consent of Individual Employee to Become Party Plaintiff in Collective Action under of [sic] FLSA § 16(b)." [Doc. No. 26].

On the same date, January 5, 2009, all Plaintiffs filed the first Motion for Default Judgment. [Doc. No. 27].

On April 13, 2009, the Court issued a Ruling and Judgment [Doc. Nos. 28 & 30] granting in part and denying in part Plaintiffs' first Motion for Default Judgment. The Court granted a default judgment in favor of Plaintiffs James, Davis, and Ward and awarded them lost wages and liquidated damages in the individual amounts requested and also awarded attorney's fees and costs in an amount to be determined. The Court denied the motion as to the claims of McCall and Abraham. The Court further struck the entry of default against Claiborne, as it pertained to McCall, and ordered Plaintiffs to file an amended complaint, adding the claims of McCall and Abraham. Plaintiffs were further ordered to serve the amended complaint on Claiborne, and, if Claiborne failed to answer, after appropriate delays, McCall and Abraham could then seek entry of default and default judgment, pursuant to the requirements of Federal Rule of Civil Procedure 55. The Court also dismissed Plaintiffs' claims against XYZ Insurance Company.

On the same day, April 13, 2009, Plaintiffs filed an Amended Complaint [Doc. No. 29], and they filed proof of service on Claiborne. [Doc. No. 32].

On May 7, 2009, the Clerk of Court entered a default against Claiborne on behalf of McCall and Abraham.

On May 28, 2009, Abraham and McCall filed the pending Second Motion for Default Judgment. Despite the passage of fifteen (15) days, Claiborne has not responded or made any further appearance in this matter.

## II. LAW AND ANALYSIS

### A. Default Judgment

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

After 10 days have elapsed since the Clerk's entry of default, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of a default judgment by the Court when the plaintiff's claim does not involve "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1), (2). The Court may conduct a hearing to determine the amount of damages, but Rule 55(b)(2) "gives the judge wide latitude in determining whether such a hearing will be beneficial." *James v. Frame (In re frame)*, 6 F.3d 307, 311 (5th Cir. 1993).

The Court finds that default was properly entered in this case as to McCall and Abraham. As ordered by the Court, Plaintiffs amended their Complaint to add the claims of McCall and Abraham, the Amended Complaint was served on Claiborne, and she failed to answer or otherwise respond. *See* FED. R. CIV. P. 55(a). McCall and Abraham now properly seek a default judgment, and the time period for filing an opposition has passed.

Section 216(b) of the FLSA provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in

> an additional equal amount as liquidated damages . . . The court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

McCall and Abraham seek damages for unpaid minimum wage compensation for hours worked during their employment prior to the closure of the daycare on March 17, 2006. [Doc. No. 41]. McCall seeks recovery for 49 uncompensated hours, and Abraham seeks recovery for 78 uncompensated hours. The entire period of their claims appears to be within the FLSA's two-year statute of limitations,[4] and Claiborne has raised no statute of limitations defense. *See* 29 U.S.C. § 255(a).

Where an employer has kept incomplete or inaccurate records of the hours worked by her employees[5], the applicable standard of proof was enunciated by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946):

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687-88; *see also Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980) (quoting same).

Abraham and McCall contend that they accurately recorded their hours worked on a form

---

[4]If an employer's violation of the FLSA is determined to be willful, a three-year statute of limitations applies. 29 U.S.C. § 255(a). However, the Court need not reach that determination because Plaintiffs' claims are within the two-year period.

[5]Employers subject to the FLSA are required to make and keep records of their employees' wages and hours. 29 U.S.C. § 211(c).

7

called "Staff Monthly Attendance," they were not timely and fully paid minimum wage for all hours worked, and they have quantified their hours worked using their "best efforts." James, who served as the "Manager" of the now-defunct Beautiful Beginnings, attests that it was her job "to collect and verify work hours for each employee and submit those hours to defendant's CPA for issuance of paychecks." [Doc. No. 27, Exh. A]. She further attests that, based upon her personal knowledge, that McCall and Abraham have not been compensated for the hours for which they now request payment.

McCall and Abraham seek recovery of unpaid wages at the rate of $5.15 per hour, the minimum wage which applied during their term of employment. *See* 29 U.S.C. § 206 ("2007 Amendments. Subsec. (a)(1). Pub.L. 110-28, § 8102(a), rewrote par. (1), which formerly read: 'except as otherwise provided in this section, not less than $4.25 an hour during the period ending on September 30, 1996, not less than $4.75 an hour during the year beginning on October 1, 1996, and not less than $5.15 an hour beginning September 1, 1997[.]'").

The Motion for Default Judgment is GRANTED as to McCall and Abraham, and they are awarded unpaid wages in the following amounts: (1) McCall is awarded $252.35, and (2) Abraham is awarded $401.70.

### 2. Liquidated Damages

McCall and Abraham also seek liquidated damages under the FLSA.

An employer who violates the overtime provisions of the FLSA is liable for any "unpaid overtime compensation" and for "an additional equal amount" as liquidated damages. 29 U.S.C. § 216(b). In other words, if an employee proves that his employer violated the FLSA, the liquidated damages award is "automatic." *Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998). Although there is a good faith defense available, the burden is on the employer to establish that she acted in

good faith and on a reasonable basis. *See* 29 U.S.C. § 260. Even then, the trial court may, in its discretion, award liquidated damages. *See id.*

In this case, McCall and Abraham have demonstrated that they are entitled to recover unpaid wages, and Claiborne has failed to present any evidence on her good faith defense. Accordingly, McCall and Abraham are awarded liquidated damages in an amount equal to their respective unpaid wages.

### 3. Attorney's Fees and Costs

McCall and Abraham are also entitled to recover attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). Section 216(b) provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* Thus, McCall's and Abraham's request for attorneys' fees and costs is GRANTED.

In the Court's Ruling and Judgment on Plaintiffs' first Motion for Default Judgment, the Court also awarded attorney's fees and costs to the other three Plaintiffs, but deferred ruling on the amount of attorney's fees and costs until McCall's and Abraham's claims were resolved. The Court now finds it appropriate to review the amount of attorney's fees and costs requested.

The Fifth Circuit employs the lodestar method for determining the reasonableness of attorney's fees in FLSA collective actions. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Under this method, the Court multiplies the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* The court may then decrease or enhance the lodestar based on the relative weights of twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), unless the award already took a

particular factor into account. *Id.*

In this case, Plaintiffs' counsel did not provide proof of their lodestar hours, but relies on a contingency fee agreement. Although the contingency fee agreement has not been specifically endorsed by the Fifth Circuit, courts have endorsed the practice of using percentage of recovery to doublecheck the lodestar fee. *See Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 728 (E.D. La. 2008) (citing *In re Linerboard Antitrust Litigation*, 2004 WL 1221350, *3 (E.D. Pa. 6/2/2004)). Further, it is not unusual for district courts in the Fifth Circuit to award percentages of approximately one-third. 568 F. Supp.2d at 728 (citing *In re Harrah's Entertainment, Inc.*, 1998 WL 832574, *4 (E.D. La. 11/25/1998)); *see also id.* (citing *In re Prudential-Bache Energy Income P'ships Secs. Litig.*, 1994 WL 150742, *1-2, 4 (E.D. La. 4/13/1994) (Livaudais, J.) (noting that awards in common fund cases have historically been computed in the 25% to 33% range and was intended to approximate what private counsel ordinarily would charge in a contingent fee contract, and listing awards in cases from this district)).

While the Court cannot delegate its duty to review the reasonableness of a fee award, in this instance, the Court has reviewed the contingency fee agreements in this matter, the complexity of the case, the issues faced by counsel in dealing with a pro se defendant, and finds that an award of attorney's fees in the amount of 25% of Plaintiffs' total award is reasonable and proper in this matter.[6] Plaintiffs recovered a total of $13,019.20, so they are awarded attorney's fees in the amount of $3,264.80 plus costs for a process server in the amount of $85.00, for a total of $3,349.80.

---

[6]Counsel is cautioned that, in the future, he should provide billing records to support any attorney's fee awards, even if there is a contingency fee contract in place.

## III. CONCLUSION

For the foregoing reasons, McCall and Abraham's Second Motion for Default Judgment [Doc. No. 35] is GRANTED, and a default judgment is entered against Claiborne on their claims. McCall is awarded $504.70 in lost wages and liquidated damages, and Abraham is awarded $803.40 in lost wages and liquidated damages. McCall and Abraham are also awarded attorney's fees and costs. Having now reviewed the reasonableness of the fees and costs requested, all Plaintiffs are awarded attorney's fees in the amount of $3,264.80 plus costs in the amount of $85.00, for a total of $3,349.80.

MONROE, LOUISIANA, this 16 day of June, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

11